IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:11-CR-160-FL-1
NO. 7:16-CV-204-FL

| | | |
|---|---|---|
| DARIUS JERMAINE GREEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motions to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, (DE 60, 61), which challenge petitioner's judgment of conviction in light of the Supreme Court's rulings in Johnson v. United States, 135 S. Ct. 2551 (2015) and United States v. Davis, 139 S. Ct. 2319 (2019). The matter also is before the court on respondent's motion to dismiss, (DE 76). The issues raised are ripe for ruling. For the reasons that follow, the court grants respondent's motion to dismiss and dismisses petitioner's motions.

## BACKGROUND

On July 17, 2012, petitioner pleaded guilty to one count of Hobbs Act robbery and aiding and abetting same, in violation of 18 U.S.C. § 1951, and one count of using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). On February 21, 2013, the court sentenced petitioner to 180 months' imprisonment and five years' supervised release.

Petitioner noticed appeal of his judgment of conviction. On October 10, 2013, the United States Court of Appeals for the Fourth Circuit granted respondent's unopposed motion to remand for resentencing in conformity with Alleyne v. United States, 570 U.S. 99 (2013). On August 6,

2014, the court resentenced petitioner to 156 months' imprisonment and five years' supervised release. Petitioner did not appeal his amended judgment of conviction.

On June 25, 2016, petitioner filed the instant motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, asserting that his § 924(c) conviction should be vacated in light of Johnson. Petitioner filed supplemental motion to vacate, asserting the same ground for relief, on June 27, 2016. At respondent's request, the court stayed the § 2255 proceedings pending the Fourth Circuit's resolution of United States v. Simms, 914 F.3d 229 (4th Cir. 2019). On July 22, 2019, the court lifted the stay and directed the parties to file supplemental briefing addressing the effect of Simms and Davis on petitioner's motions. On January 2, 2020, respondent filed the instant motion to dismiss. On January 27, 2020, petitioner filed response to the motion and the court's July 22, 2019, order, conceding that current Fourth Circuit law establishes he is not entitled to relief under Johnson or Davis.

## DISCUSSION

A.   Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." Id. § 2255(b).

B.   Analysis

Pursuant to 18 U.S.C. § 924(c), a person convicted of possessing a firearm "during and in relation to any crime of violence or drug trafficking crime" is subject to a mandatory minimum five years' imprisonment for the first conviction. 18 U.S.C. § 924(c)(1)(A)(i). The sentence shall run consecutive to any sentence imposed for the predicate crime of violence or drug trafficking crime. Id. § 924(c)(1)(A). Section 924(c)(3) defines crime of violence as an offense that is a felony and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another [the "force clause"], or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [the "residual clause"].

Id. § 924(c)(3)(A)-(B).

Davis and Simms held that § 924(c)(3)(B) is unconstitutionally vague, thereby rendering invalid § 924(c) convictions based on the residual clause definition of crime of violence. Davis, 139 S. Ct. at 2336; Simms, 914 F.3d at 237. The Davis and Simms decisions, however, do not call into question the constitutionality of § 924(c)(3)(A). Thus, if petitioner's predicate offense qualifies as a crime of violence under subsection (c)(3)(A), his conviction remains valid. See United States v. Mathis, 932 F.3d 242, 263-64 (4th Cir. 2019).

Petitioner's predicate offense is Hobbs Act robbery in violation of 18 U.S.C. § 1951, and the Fourth Circuit has held that this offense qualifies as a crime of violence under § 924(c)'s force clause. See id. 265-66 (holding "Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)"). As noted, petitioner concedes that Mathis forecloses his

challenge to his § 924(c) conviction. Accordingly, the court dismisses petitioner's motions to vacate for failure to state a claim.

C.  Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

**CONCLUSION**

Based on the foregoing, the court GRANTS respondent's motion to dismiss, (DE 76), and DISMISSES petitioner's motions to vacate, set aside, or correct sentence, (DE 60, 61). A certificate of appealability is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 19th day of February, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge